**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **LARRY HARMON, #M-38016,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**SUZANN BAILEY,** )<br>**JOHN BALDWIN, TY BATES,** )<br>**JACQUELINE LASHBROOK, and** )<br>**SWANSON,** )<br>)<br>)<br>**Defendants.** ) | **Case No. 16-cv-00773-SMY** |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Plaintiff Larry Harmon, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this *pro se* action for alleged violations of his constitutional rights under 42 U.S.C. § 1983 (Doc. 1). Plaintiff claims that the Illinois Department of Corrections' ("IDOC") soy-based diet for prisoners violates his rights under the Eighth and Fourteenth Amendments. He alleges that the defendants have refused to alter the dietary offerings at the prison in spite of grievances and requests made by the inmates. Further, he claims that the Defendants are acting in conspiracy and in furtherance of a policy made by Defendant Ty Bates, with the objective of saving money and raising large profits. In connection with these claims, Plaintiff sues Suzann Bailey (food service administrator), John Baldwin (director of IDOC), Ty Bates (deputy director of IDOC), Jacqueline Lashbrook (warden of Pinckneyville) and Swanson (commissary owner) for monetary damages.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner

Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff Harmon brings a number of claims in his Complaint, all related to the provision of a soy diet (Doc. 1, pp. 5-6). Harmon alleges that when he was admitted into IDOC in February 2016, IDOC had a pre-existing policy of serving a soy-based diet (*Id.* at 5). Shortly after his arrival, he noted severe medical symptoms that he associated with soy, including: extreme gas; 7-10 day bouts of constipation; severe daily headaches; bloody stool; a torn anus; chest pain; a swollen stomach; and heart burn (*Id.*). In April 2016 Harmon submitted a grievance about the soy diet. When he received no response, he also submitted a grievance to Defendant Baldwin seeking a change in the dietary offerings for inmates (*Id.*). At some point, Harmon also sent a grievance to Bates about the soy diet (*Id.*).

Harmon alleges that Defendant Bates formulated the policy to serve soy and that Baldwin and Bailey act as co-conspirators in enforcing the policy (*Id.*). He further alleges that the conspiracy involves never responding to soy-related grievances and making several million dollars for each participant (*Id.*). Harmon asserts that the Defendants created and implemented the soy diet despite being aware of the serious risks of harm and irreparable injury that it posed to inmates (*Id.* at 6).

Additionally, Harmon verbally notified Defendant Lashbrook of his complaints about the soy-diet, to which she responded that she did not care and that he could sue her if he wanted to

(*Id.* at 5-6). Likewise, in a conversation with a commissary owner, the commissary owner simply told him to make up his mind to either eat soy or spend more to buy other foods (*Id.* at 6).

Harmon also asserts that the provision of a soy diet is a due process violation because the Defendants have a written rule requiring them to provide nutritionally adequate meals and because the female inmates won a lawsuit against IDOC in 2009-2011, the defendants were aware of the adverse health consequences of a soy diet (*Id.*). Thus, continuing to serve male prisoners a soy diet is a due process violation (*Id.*).  He seeks monetary damages for his injuries (*Id.* at 7).

## Discussion

Based on the allegations, the Court finds it convenient to divide the *pro se* Complaint into the following enumerated claims. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1:** Eighth Amendment claim against Defendants for deliberate indifference in implementing a soy diet;

**Count 2:** Conspiracy claim against Defendants for the soy diet;

**Count 3:** Fourteenth Amendment claim against Defendants for failing to respond to grievances regarding the soy diet; and,

**Count 4:** Fourteenth Amendment claim against Defendants for failing to provide nutritionally adequate meals in compliance with the institutional rules.

Counts 1 shall receive further review against the defendants who are identified below in connection with those claims. Counts 2 and 4 shall be dismissed without prejudice for failure to state a claim. Count 3 shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

As a preliminary matter, Harmon names Swanson as a Defendant, but he has not made sufficient factual allegations to support a claim against Swanson under any of his theories of relief. Swanson is a corporate entity and is therefore treated as a municipality for § 1983 purposes. *See Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766, n.6 (7th Cir. 2002). "[T]o maintain a § 1983 claim against a municipality, [a plaintiff] must establish the requisite culpability (a 'policy or custom' attributable to municipal policymakers) and the requisite causation (the policy or custom was the 'moving force' behind the constitutional deprivation)." *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). Here, Harmon does not allege that Swanson participated in establishing the soy diet policy. Instead he merely alleged that Swanson's employee told him to buy more commissary food. Additionally, he does not allege that Swanson participated in the conspiracy to deny grievances or to raise millions of dollars. Accordingly, Swanson will be dismissed from this action. This dismissal is without prejudice.

**Count 1**

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII; *see also Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). Prison conditions that deprive inmates of basic human needs, such as inadequate nutrition, health, or safety, may constitute cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Prison officials also violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d

610, 620 (7th Cir. 2010). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 842, 847 (1994).

The Complaint suggests that Harmon suffered serious side effects from the overconsumption of soy in his diet and that the Defendants knew of the risks of the diet prior to implementing it, or at least prior to Harmon's entry into IDOC in February 2016. Specifically, Harmon alleges that the soy diet has caused him extreme gas, stomach pain, headaches, constipation, loss of circulation and heartburn, among other things. He claims that Defendant Bates created the policy of serving soy and ignoring related grievances with the objective of saving money and pocketing profits. Additionally, Harmon claims that Baldwin and Bailey acted as co-conspirators in carrying out the soy policy. Harmon notified Bates, Baldwin and Bailey of the medical ailments associated with soy via his grievances. He contends that they were also on notice of the ill-effects of soy following a 2009 lawsuit by female inmates in IDOC. Based on the facts presented, Harmon's claim for deliberate indifference will be allowed to proceed against Defendants Bates, Baldwin and Bailey.

However, claims will not stand against these individuals in their supervisory capacity. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005). Because personal involvement is required for liability to attach, the *respondeat superior* doctrine—supervisor liability—is not applicable to Section 1983 actions. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Count 1 will not be allowed to proceed against Defendant Lashbrook because Harmon

did not identify any specific actions she took in furtherance of the soy diet policy. Although she allegedly cut him off when he tried to make a verbal complaint about the diet, this fact alone does not demonstrate that she was responsible for or had any actual authority over the implementation and administration of the soy diet. Accordingly, Count 1 will be dismissed without prejudice as to Defendant Lashbrook.

## Count 2

Count 2 alleges a conspiracy among all the defendants to provide a soy diet. Harmon alleges that Defendants Bates, Baldwin and Bailey had two agreed upon objectives: (1) to deny any grievances about the policy; and (2) to pocket millions of dollars each from the policy. "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304-05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (citation omitted).

Here, Harmon's mere mention of a conspiracy is insufficient, even at the early pleadings stage, to satisfy basic pleading requirements under Federal Rule of Civil Procedure 8 or *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face"). The factual allegations do not support a conspiracy claim because Harmon fails to explain how the policy of providing a soy diet was designed to inflict harm. He also has not identified how agreed upon components of the policy could lead to the objective of pocketing profits. Though it is feasible that a more fully developed set of factual allegations could draw links between these identified acts and objectives, Harmon

simply has not provided sufficient facts in his Complaint to allow this claim to proceed. Thus, **Count 2** shall be dismissed against all named defendants without prejudice for failure to state a claim upon which relief may be granted.

### Count 3

Count 3 refers to the Fourteenth Amendment but does not explain why. To the extent that Count 3 arises from Defendants' failure to respond to Harmon's grievances, it is subject to dismissal. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause *per se*. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Put differently, the fact that Defendants may have ignored Harmon's grievances does not give rise to a due process claim against them. Accordingly, **Count 3** fails and shall be dismissed with prejudice as to all Defendants.

### Count 4

Harmon also alleges a due process violation based upon the defendants serving a nutritionally inadequate diet in direct contravention of the written rule requiring them to provide nutritionally adequate meals. At this juncture, Harmon has not provided sufficient factual detail for this claim to proceed beyond screening. He has not identified with any level of specificity where there exists a 'rule' requiring the provision of a nutritionally adequate diet, nor has he identified how exactly the soy-based diet is nutritionally inadequate. He has alleged that his medical ailments are the result of the soy diet, but he has not indicated if he actually consumes the soy diet or if he purchases most of his food from the commissary. Accordingly, there is a possibility of latent alternative causation to the extent that his medical ailments could actually be caused by the overconsumption of commissary foods, or by an entirely unrelated source.

Moreover, he has not provided any explanation as to how selecting the soy diet violates due process because he has not alleged any process associated with the 'rule' requiring the provision of a nutritionally adequate diet. Absent the existence of a process, and a failure to comply with that process, Harmon has not stated a Fourteenth Amendment due process claim.

### Pending Motions

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 2) which shall be **REFERRED** to United States Magistrate Judge **Reona J. Daly** for a decision.

Plaintiff has also filed a Motion for Service of Process at Government Expense (Doc. 4) which shall be **GRANTED in part** as to the Defendants linked to claims that are proceeding beyond threshold review.

### Disposition

**IT IS ORDERED** that **COUNT 1** shall receive further review as **DEFENDANTS BATES, BALDWIN AND BAILEY**. **COUNT 1** shall be **DISMISSED** without prejudice as to **DEFENDANTS LASHBROOK AND SWANSON** for failure to state a claim. **COUNT 2** shall be **DISMISSED** without prejudice against **ALL DEFENDANTS** for failure to state a claim. **COUNT 3** shall be dismissed with prejudice as to **DEFENDANTS BATES, BALDWIN, BAILEY, and LASHBROOK**, and without prejudice as to **DEFENDANT SWANSON**. Finally, **Count 4** shall be **DISMISSED** without prejudice as to **ALL DEFENDANTS**.

With respect to **COUNT 1**, the Clerk of Court shall prepare for **DEFENDANTS BATES, BALDWIN AND BAILEY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and

return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Daly** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 7, 2016**

s/ STACI M. YANDLE
**STACI M. YANDLE**
**United States District Judge**